# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON T. COLLINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANDY PENNYWELL, et al.,<br><br>　　　　Defendants.<br>_____ / | Case No. 1:13-cv-00788-SKO PC<br><br>FIRST SCREENING ORDER DENYING REQUEST FOR WRIT OF MANDAMUS AND DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

## **First Screening Order**

### I. **Screening Requirement and Standard**

Plaintiff Brandon T. Collins, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 24, 2013. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II. Discussion

Plaintiff, who is currently incarcerated at California State Prison-Corcoran in Corcoran, California, brings this action against Warden Sandy Pennywell; Correctional Officers Julie Giordano and Bingham; Correctional Lieutenants R. Lemon and Rivera; and Appeals Coordinator Rocha for violating his rights while he was at North Kern State Prison in Delano, California.

### A. Favorable Termination Rule

What claims Plaintiff seeks to raise in this action are not entirely clear. Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones*, 297 F.3d at 934. To state a claim, Plaintiff must demonstrate a link between actions or omissions of each named defendant and the violation of his rights; there is no *respondeat superior*, or vicarious, liability

1  under section 1983. *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1949; *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010).

In his statement of claim, Plaintiff describes an incident on November 19, 2012, in which Defendant Giordano came to his cell while he was in a state of undress and told him she had confidential mail for him. Plaintiff alleges he requested a moment and he wrapped a sheet around his lower body. Defendant Giordano then handed him the mail. Several hours later, Plaintiff was removed from his cell and charged with indecent exposure. Plaintiff's exhibits establish that he was found guilty of indecent exposure arising out of the incident on November 19, 2012, and he lost time credits as a result.

State prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005). Often referred to as the favorable termination rule, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81. Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-2.

In this instance, the favorable termination rule bars any claim which, if successful, would invalidate the results of the disciplinary hearing at which Plaintiff was found guilty and lost time credits. Although Plaintiff's claims are unclear, to the extent he is challenging the rules violation report as false or otherwise challenging the disciplinary proceedings, his claim is barred. *Heck v. Humphrey*, 512 U.S. 477, 489, 114 S.Ct. 2364 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists).

///

3

### B. Inmate Appeals Process

Plaintiff includes inmate appeals documents as exhibits and one of the defendants is an appeals coordinator. To the extent Plaintiff is attempting to base a claim on deficiencies with the inmate appeals process or his dissatisfaction with the handling and/or resolution of his appeals, Plaintiff's claim fails because he does not have a protected interest at stake with respect to the appeals process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

### C. Request for Issuance of Writ of Mandamus

Finally, as relief, Plaintiff states he is seeking a writ of mandamus compelling prison officials to produce the confidential/legal mail log sheet for September 2012 through November 19, 2012. Plaintiff states that he has been unable to obtain this evidence and it will demonstrate his innocence of the indecent exposure charge.

This relief indicates Plaintiff is in fact seeking to challenge his rules violation conviction, a claim which is barred, as discussed above. Furthermore and notwithstanding the favorable termination rule issue, Plaintiff's attempt to seek relief via mandamus is misplaced.

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in the aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). While a writ of mandamus may be issued under the All Writs Act, "[m]andamus is a 'drastic and extraordinary remedy reserved for really extraordinary causes.'" *Hernandez v. Tanninen*, 604 F.3d 1095, 1099 (9th Cir. 2010) (quoting *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380, 124 S.Ct. 2576, 2586 (2004)).

In addition to jurisdictional issues arising from Plaintiff's desire for a writ directed at state prison officials, *see Cheney*, 542 U.S. at 380, 124 S.Ct. at 2586 (section 1651(a) codified the common-law writ of mandamus against a lower court); *Demos v. U.S. Dist. Court for Eastern Dist. of Washington*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (no jurisdiction to issue writ to a state court), Plaintiff cannot demonstrate (1) the absence of any other adequate means to attain

relief and (2) a clear and indisputable right to the issuance of the writ, *Cheney*, 542 U.S. at 380-81, 124 S.Ct. at 2587.

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. In light of the uncertainty of the claims Plaintiff is attempting to pursue, the Court will provide Plaintiff with an opportunity to file an amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). However, it appears based on Plaintiff's allegations and exhibits that he is attempting to challenge his disciplinary conviction for indecent exposure and that claim is barred by the favorable termination rule. *Wilkinson*, 544 U.S. at 81-2; *Heck*, 512 U.S. at 489.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for issuance of a writ of mandamus is denied and Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **January 15, 2014**                                  **/s/ Sheila K. Oberto**
                                                             UNITED STATES MAGISTRATE JUDGE